UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DEXILANT (DEXLANSOPRAZOLE) ANTITRUST LITIGATION<br><br>This Document Applies to:<br>ALL CASES | Case No. 25-cv-02785-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE MOTION TO DISMISS**<br><br>Re: Dkt. 134 |

Plaintiffs allege Takeda unlawfully paid TWi to delay market entry of a generic version of Takeda's drug Dexilant. Defendants have moved to dismiss all claims in the lawsuit. (Dkt. No. 132.) In the meantime, they seek to stay all discovery until after the motion to dismiss is resolved. Plaintiffs ask Defendants to produce certain limited discovery, what they call "go get" documents. After carefully considering the parties' written submissions, including Defendants' motion to dismiss, and with the benefit of oral argument on October 16, 2025, the Court DENIES Defendants' motion to stay. Defendants have not shown good cause for not producing the "go get" documents involving Takeda and TWi and for not beginning to meet and confer regarding ESI protocols and document requests.

**DISCUSSION**

The Federal Rules of Civil Procedure do not automatically stay discovery upon the filing of a motion to dismiss. And unlike cases brought pursuant to the Private Securities Litigation Reform Act, no statute stays discovery pending resolution of a motion to dismiss in an antitrust lawsuit. But Federal Rule of Civil Procedure 26(c) states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Defendants, as the parties seeking a stay of all discovery,

bear the burden of showing good cause for such a protective order. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Exercising its "wide discretion" to govern discovery, *see Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988), the Court concludes Defendants have not shown good cause for a stay of all discovery and orders Defendants to produce some of the limited documents Plaintiffs seek. In particular, by November 13, 2025, Defendants shall produce, to the extent they are in their possession, custody, or control:

- Takeda's settlement agreements with TWi relating to Dexilant;
- Paragraph IV certifications filed by TWi against Takeda relating to Dexilant;
- TWi's Abbreviated New Drug Application and supplements relating to Dexilant; and
- Unredacted filings and expert reports in any patent litigation Takeda brought against TWi to the extent the filings do not involve confidential information regarding nonparties to this litigation.

The above documents are indisputably relevant and central to the case. So, Defendants' citation to cases in which the court stayed discovery because resolution of the motion to dismiss would likely simplify the case and give the parties a greater understanding of what discovery is needed is unpersuasive. *See, e.g.*, *Subspace Omega, LLC v. Amazon Web Servs., Inc*., No. 2:23-CV-01772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024). And production of these documents now will facilitate Plaintiffs' development of their post-motion discovery requests. A blanket stay, in contrast, will inevitably delay case resolution.

Defendants' attempt to distinguish cases in which similar "go get" documents in reverse payment cases were produced is unavailing. They emphasize the defendants in those cases agreed to production of similar "go get" documents. (Dkt. No. 134 at 4 n.2.) But that those defendants agreed to produce the documents without requiring a court order merely highlights the lack of good cause for Defendants' refusal to produce similar documents in this case.

The Court also orders Defendants to meet and confer with Plaintiffs on an ESI protocol, privilege log protocols, search terms, custodians and the like. Plaintiffs may also serve additional

1  discovery requests to help guide the meet and confer discussions.  Again, delaying these necessary

2  discussions will needlessly delay case resolution.  Further, given the amount of time that has

3  passed since the settlement was entered, the need to promptly identify custodians, documents, and

4  systems is more pronounced.  Defendants' insistence Plaintiffs should not complain about any

5  delay because they waited 10 years to file suit assumes Defendants will win on their motion to

6  dismiss's statute of limitations argument.  But the Court cannot make that assumption at this

7  juncture.  Instead, what is undisputed is given the passage of time it is even more important to

8  promptly begin the discovery discussions.

9  A further Case Management Conference is scheduled for November 19, 2026 at 2:00 p.m.

10  via Zoom video.  An updated Joint Case Management Conference Statement is due November 12,

11  2026.

12  **IT IS SO ORDERED.**

13  Dated: October 16, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3