UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DEXILANT (DEXLANSOPRAZOLE) ANTITRUST LITIGATION<br><br>This Document Applies To:<br><br>Case. No. 25-cv-2966 | Case No.  25-cv-02785-JSC<br><br>**ORDER RE: APPLICATION FOR RENEWAL OF INTERIM CO-LEAD COUNSEL STATUS FOR DIRECT PURCHASER CLASS**<br><br>Re: Dkt. No. 188 |

This antitrust lawsuit arises out of a settlement agreement between the manufacturer of protein pump inhibitor Dexilant and a generics manufacturer.  Plaintiffs include retailers Walgreen Co., The Kroger Co., Albertsons Companies, Inc., H-E-B, L.P., Supervalu, Inc., and CVS Pharmacy, Inc.[1] ("Retailer Plaintiffs"), and a putative class of Direct Purchaser Plaintiffs ("DPPs").  (Dkt. Nos. 103, 104; Case No. 25-cv-07646, Dkt. No. 1.)[2]  On June 13, 2025, the Court appointed Hausfeld LLP ("Hausfeld") and Roberts Law Firm US, PC ("Roberts") interim co-lead counsel for the putative DPP class but directed them to apply for renewal of interim co-lead counsel status within one year.  (Dkt. No. 80.)

Hausfeld and Roberts now apply to renew their status as interim co-lead counsel for DPPs.  (Dkt. No. 188.)  Having considered Hausfeld's and Roberts's unopposed application, the Court considers oral argument unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 11, 2026 hearing, and GRANTS their unopposed application for renewal of interim co-lead counsel

---

[1] CVS Pharmacy, Inc. did not join the Retailer Plaintiffs' amended complaint but asserts similar causes of action in its complaint.  (Case No. 25-cv-7646-JSC, Dkt. No. 1.)
[2] Record citations are to material in the Electronic Case File ("ECF") in Case No. 25-cv-2785-JSC, unless otherwise noted; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

status for the putative DPP class.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). In evaluating motions seeking appointment, "courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Seagate Tech. LLC Litig.*, No. 16- CV-00523-RMW, 2016 WL 3401989, at \*2 (N.D. Cal. June 21, 2016). Under that Rule, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). The Court "may [also] consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Hausfeld's and Roberts's prior application included evidence of their experience, which they submit has not changed. (Case No. 25-cv-2966-JSC, Dkt. No. 33.) Since their prior application, Hausfeld and Roberts have joined case management conferences and an informal discovery meeting, (Dkt. Nos. 93, 116, 135, 182); submitted case management and discovery filings, (Dkt. Nos. 170, 171, 172); and filed an amended complaint, (Dkt. No. 104). They have also worked with counsel for Retailer Plaintiffs to oppose Defendants' motion to dismiss, (Dkt. No. 144), and to "shepherd[] the case through the early stages of fact discovery." (Dkt. No. 188 at 3.) Furthermore, appointment of interim class counsel continues to "serve the class's interests by preventing delay" and allowing "counsel [to] create processes for collaboration and

United States District Court
Northern District of California

2

communication without concern those processes will be disrupted by a subsequent appointment of different interim class counsel for" the putative DPP class. (*Id.* at 4-5 (citing Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment).)

So, the Court grants the application to renew Hausfeld's and Roberts's status as co-lead counsel for DPPs.

## CONCLUSION

For the reasons stated above, the Court GRANTS the unopposed application to renew the appointment of Hausfeld and Roberts as interim co-lead counsel for DPPs. The Court also adopts the proposed order at Docket No. 188-1 regarding their duties and authorities. The Court will consider whether to appoint Hausfeld and Roberts as class counsel when hearing DPPs' motion for class certification on November 18, 2027. The Court may also review the selection of interim co-lead counsel at any time on a showing of good cause.

The further case management conference scheduled for July 29, 2026 at 2:00 p.m. via Zoom video remains on calendar. An updated joint case management statement is due one week in advance.

This Order disposes of Docket No. 188.

**IT IS SO ORDERED.**

Dated: May 20, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge