United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE DEXILANT (DEXLANSOPRAZOLE) ANTITRUST LITIGATION

Case No. 3:25-cv-02785-JSC

**ORDER RE: MOTIONS TO SEAL**

Re: Dkt. Nos. 194, 197, 200, 201

Currently pending before the Court are four motions to seal documents related to a motion for sanctions brought by Defendants TWi Pharmaceuticals, Inc. and TWi Pharmaceuticals USA, Inc. ("TWi"). (*See* Dkt. Nos. 194, 197, 200, and 201.)[1]

**LEGAL STANDARD**

There is a right of public access to judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In considering motions to seal, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (cleaned up). However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access and must instead meet a lower "good cause" standard. *See Ctr. for Auto*

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Safety*, 809 F.3d at 1098-99.

In addition, under Civil Local Rule 79-5, sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." N.D. Cal. Civ. L.R. 79-5(c)(1); *see also FTC v. Microsoft Corp.*, No. 23-cv-02880-JSC, 2023 WL 5186252, at * 2 (N.D. Cal. Aug. 11, 2023) ("[Rule 79-5] supplements the 'compelling reasons' standard."). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[]" their requests only to the sealable material. N.D. Cal. Civ. L.R. at 79-5(c)(3). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

## DISCUSSION

### I. DEFENDANTS' MOTIONS

TWi seeks to seal portions of both its motion for sanctions and the exhibits supporting the motion. (*See* Dkt. 200 at 1-2.)[2] The "compelling reasons" standard applies to these sealing motions. The briefing at issue in these motions is more than tangentially related to the merits of the case for two reasons. First, the briefing involves core merits arguments about whether the challenged settlement agreement caused an antitrust injury. (*See* Dkt. No 193 at 7-8; Dkt. No. 203 at 7 ("The question now is what evidence 'central to the case' exists for Plaintiffs to maintain their core allegation. . . .").) Second, TWi treats it as a dispositive motion. (*See* Dkt. No 193 at 8 ("[S]tanding on their current pleadings is not an option."); *id.* ("Plaintiffs should be sanctioned and this case should be brought to an end"); *id.* at 24 ("Plaintiffs should withdraw their complaint against TWi in their entirety")); *see also Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("[O]nce the sealed discovery documents are made part of a dispositive

---

[2] TWi filed three motions to file under seal. (*See* Dkt. Nos. 194, 200, and 201.) Docket No. 200 replaces Docket No. 194 and Docket. No. 201 provides notice of that replacement. (*See* Dkt. No. 201.) Therefore, this Order will focus on the sealing request by TWi in Docket No. 200.

motion [,] e.g., a summary judgment motion ruled upon by the court[,] they lose their status of being raw fruits of discovery." (cleaned up)). TWi thus appropriately moves for sealing under the "compelling reasons" standard. (*See* Dkt. 200 at 1-2.)

TWi seeks to seal "information concerning TWi's ANDA product characteristics, testing of the same, and development and efforts to receive FDA approval of the same." (Dkt. No. 200 at 3.) TWi asserts this information is "competitively-sensitive confidential information" that, if released, "would cause TWi substantial competitive harm." (*Id.* at 3-4.)

A request to seal may be supported by compelling reasons if the documents or portions of documents at issue are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon*, 435 U.S. at 598-99). However, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Ochoa v. McDonald's Corp.*, No. 14–cv–02098–JD, 2015 WL 3545921, at * 1 (N.D. Cal. June 5, 2015) (cleaned up). Moreover, under Civil Local Rule 79–5, sealing is only appropriate where the requesting party has "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b).

FDA regulations guide what information surrounding an Abbreviated New Drug Application ("ANDA") submitted to the agency will be made public. *See* 21 C.F.R. § 314.430. Most information about an approved product and its application is available to the public absent "extraordinary circumstances." *See id.* at § 314.430(e)-(f). However, under § 314.430(g), three types of information can be held back even after an ANDA is approved: (1) "[m]anufacturing methods or processes," (2) "production, sales distribution, and similar data and information," and (3) "[q]uanitative or semiquanitative formulas." *Id.* at § 314.430(g). Since TWi's ANDA was approved by the FDA in 2022, (*see* Dkt. No. 160 at 30), most information from the ANDA is largely already publicly available under the FDA's disclosure regime.

Nevertheless, as TWi points out, some courts have sealed information relating to ANDAs. *See, e.g., Citizens Comm'n on Human Rights v. FDA*, No. 92-CV-5313, 1993 WL 1610471, at *7 (C.D. Cal. May 10, 1993) (granting the withholding of information from an FDA application to

the extent it "contain[ed] significant information about how a pioneer drug product is formulated, chemically composed, manufactured, and quality controlled."); *Appleton v. FDA*, 451 F.Supp.2d 129, 141 (D.D.C. 2006) (granting the withholding of "documents [that] contain information consisting of drug product manufacturing information, including manufacturing processes or drug chemical composition and specifications"). But, the decisions TWi cites relate to pending or rejected applications, not approved ones. *See Biovail Lab'ys, Inc. v. Anchen Pharms. Inc.*, 463 F. Supp.2d 1073, 1084 (C.D. Cal. 2006) ("[S]ince the FDA is now considering Anchen's generic ANDA. . . ."); *Spectrum Pharmaceuticals, Inc. v. Sandoz, Inc.*, No. 2:12–cv–00111–GMN–NJK, 2014 WL 3546293, at *1-2 (D. Nev. Jul. 1, 2014) ("[T]he FDA does not disclose the existence of a proposed ANDA product until it has been approved."); *Citizens Comm'n on Human Rights*, 1993 WL 1610471, at * 10 ("The Court therefore finds that information pertaining to *unapproved* supplements was properly withheld under Exemption 4 of the FOIA." (emphasis added)); *In re Gabapentin Litigation*, 312 F.Supp.2d 653, 667 n.7 (D. N.J. 2004) (citing "21 C.F.R. § 314.430(b)-(d)," the portion of FDA regulations pertaining to unapproved ANDAs).

Therefore, to the extent that information from the ANDA would be eligible for disclosure under the FDA's own regulations for approved applications, the Court DENIES the sealing request. However, material—such as formulas or manufacturing processes—that the FDA does not disclose for approved ANDAs can be sealed. With these principles in mind, the Court's rulings are organized in the below chart:

| Document | Dkt. No. | Portion(s) Requested | Ruling |
|---|---|---|---|
| TWi's Motion for Sanctions | 200-3 | 1:21 | DENIED. Information has been publicly discussed in the course of these proceedings. |
| TWi's Motion for Sanctions | 200-3 | 13:14-15; 14:15-16; 14:23-25; 15:1-2 | DENIED. Per 21 C.F.R. § 314.4(e)(7), "all correspondence and written summaries of oral discussions between FDA and the applicant relating to the application" are available to the public after approval. |
| TWi's Motion for Sanctions | 200-3 | 15:7; 15:10-13; 15:15-16 | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to |

| | | | |
|---|---|---|---|
| | | | the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |
| Exhibit G | 200-4 | Highlighted portions of pages 3-6, 9-10 | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |
| Exhibit H | 200-5 | Highlighted portions of pages of pages 2-18; 21-24 | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |
| Exhibit I | 200-6 | Entire document | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |
| Exhibit J | 200-7 | Highlighted portions of pages 2-4, 6, 7 | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |
| Exhibit K | 200-8 | Highlighted portions of pages 2-7, 9-11 | GRANTED. Per 21 C.F.R. § 314.4(g), information relating to the "formulas" or "manufacturing methods or processes" are not automatically available to the public. |

So, TWi's motions to file under seal are PARTIALLY GRANTED and PARTIALLY DENIED.

## II. PLAINTIFFS' MOTION

Plaintiffs seek provisional sealing on documents filed as part of their opposition to TWi's motion for sanctions but designated as "confidential" or "highly confidential" by TWi. (*See* Dkt. No. 197.) Because TWi ("the Designating Party") and not Plaintiffs ("the Filing Party") are seeking to designate the documents as confidential, the Court reviews the request under Civil Local Rule 79-5(f), which covers "Administrative Motion[s] to Consider Whether Another Party's

United States District Court
Northern District of California

United States District Court
Northern District of California

Material Should be Sealed." N.D. Cal. Civ. L.R. 79-5(f). Under LR 79-5(f), "the Designating Party must file a statement and/or declaration" and "[a] failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party." N.D. Cal. Civ. L.R. 79-5(f)(3). TWi filed no such statement. Therefore, the Court DENIES Plaintiffs' motion because the Designating Party has failed to provide reasons for keeping the material under seal. *See* N.D. Cal. Civ. L.R. 79-5(c)(1).

So, Plaintiffs' motion to consider whether another party's material should be sealed is DENIED.

This Order disposes of Docket Nos. 194, 197, 200, 201.

**IT IS SO ORDERED.**

Dated: September 8, 2026

JACQUELINE SCOTT CORLEY
United States District Judge